IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DENNIS R. MOORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-4231-SSA-CV-C-WAK |
| JoANNE B. BARNHART, Commissioner, Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

Claimant Dennis Moore seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. He claims he became disabled beginning on September 7, 1999, but the relevant period for this appeal begins on September 22, 2001. The parties' briefs were fully submitted, and on November 7, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability. . . . The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

In this case, Dennis Moore asserts the Administrative Law Judge (ALJ) and Appeals Council erred in giving too little weight to the opinions of the treating physicians, in evaluating his credibility, and in not adequately considering the additional evidence submitted after the hearing before the ALJ.

The administrative record shows that Moore was born in 1963, has a high school education with some college, and was previously employed as a factory worker, car loader and restaurant worker.  He claims disability due to arthritis, low back pain, a rib injury and depression.

After reviewing the evidence, the ALJ concluded that claimant had severe impairments of low back pain and obesity, but that his high blood pressure and depression were not severe within the meaning of the regulations. In making this determination, the ALJ noted the lack of treatment for depression and that Moore's high blood pressure was well controlled with medication, diet and weight loss.

The record is replete with medical notes indicating Moore suffered from chronic back pain and that he took prescription medication for the pain. The ALJ noted, however, that the record fails to disclose objective findings which would explain the pain. Claimant had positive leg raises as well as decreased flexibility and range of motion. His physicians did not suggest that he was malingering or that his pain was exaggerated. Nevertheless, his muscle strength in his extremities was normal and his sensation to light touch and reflexes were intact. Objective tests, including an MRI and myelogram with cat scans of the neck and lumbar spine, were essentially normal with only minimal generalized bulging at L3-L4 and L4-L5. The treatment notes indicate that he was periodically helped by medications, physical therapy and a TENS unit. His treatment was generally conservative and he did not require hospitalization.

The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991). In this case, the medical records contain essentially normal objective testing, some positive and some negative clinical findings indicative of pain, and fairly consistent subjective complaints of pain. After reviewing the record as a whole, the ALJ was left with a credibility determination regarding the severity of Moore's pain.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F. 3d at 605.

In this case, claimant testified that after being on his feet for about 30 minutes, he would need to sit down and rest before he got back up. He also testified he could sit for 20 - 25 minutes or for about the same amount of time as he could be on his feet. At one point in the record, claimant indicated he could walk for a mile and one-half, and at another point he testified that he would have to stretch about every 2 hours after driving for a long time. He testified that he did most of the housework and shopping, he drove the car, took his children to the doctor and school, read his Bible, and watched the news or some television.

The ALJ noted the factors set forth in Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984), and set forth his reasons for not finding Moore's subjective complaints to be entirely credible and for discounting some of Dr. Puri's report. The ALJ acknowledged that credibility in this case was a matter of degree, but that the overall record indicated claimant was capable of performing a limited range of work at the light exertional level.

The Appeals Council considered additional evidence submitted after the hearing, and concluded that it did not provide significant new information which would alter the outcome of the decision. Although Moore asserted at oral argument that the new evidence should have been discussed by the Appeals Council, the Court does not find that an error occurred.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony. Further, the agency's decision is supported by substantial evidence on the record.

For these reasons and those set forth more fully in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 16th day of November, 2005, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge